```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

NADINE J. WEBB and ERROLD G. *
WEBB,
                                *
    Plaintiffs,
                                *
vs.                                    CASE NO. 3:12-CV-108 (CDL)
                                *
BANK OF AMERICA,
                                *
    Defendant.
                                *

## O R D E R

Defendant has filed a motion to dismiss Plaintiffs' Amended Complaint (ECF No. 12). Although Plaintiffs may face a substantial burden of ultimately producing sufficient evidence to create a genuine factual dispute as to their claims, the allegations in their Amended Complaint (ECF No. 7), taken as true at this stage of the litigation, state a claim for relief sufficient to withstand Defendant's motion to dismiss.

Plaintiffs essentially allege the following: (1) Defendant foreclosed on their property when it did not have the legal authority to do so because Plaintiffs did not borrow the money from Defendant and the loan was never properly assigned to Defendant; (2) Defendant led Plaintiffs to believe that it would modify Plaintiffs' loan in a manner that would allow Plaintiffs to avoid foreclosure, thus lulling Plaintiffs into sleeping on their rights, when Defendant never had any intention of

modifying the loan; and (3) Plaintiffs requested additional information from Defendant regarding their loan, and Defendant failed to adequately respond to their request in violation of federal law. Defendant responds that these allegations are merely conclusory. The Court finds otherwise.

While Defendant may be able to rebut these allegations as a matter of law, it will only be able to do so by referring to matters outside of the pleadings. Therefore, a motion to dismiss is not the appropriate procedural mechanism for resolving Plaintiffs' complaint. Moreover, while the Court understands Defendant's position that Plaintiffs borrowed money, failed to pay it back, and simply seek to avoid their legal obligations, the Court is not permitted to dismiss a complaint simply because "'it strikes a savvy judge'" that Plaintiffs will be unable to prove their allegations. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Accordingly, Defendant's motion to dismiss Plaintiffs' Amended Complaint (ECF No. 12) is denied. Defendant's motion to dismiss Plaintiffs' original Complaint (ECF No. 4) is terminated as moot.

Defendant shall file its answer to Plaintiffs' Amended Complaint within 21 days of today's ruling. The parties shall submit a jointly proposed scheduling order by November 30, 2012.

IT IS SO ORDERED, this 24th day of October, 2012.

                                          S/Clay D. Land
                                              CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE